IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

NEXT TECHNOLOGY ENERGY, LLC,

           Plaintiff,

v.                                            CIVIL ACTION NO. 2:24-cv-00206

CHRISTOPHER MILLS, et al.,

           Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff Next Technology Energy, LLC's ("Plaintiff") Motion to Remand. (ECF No. 13.) For the reasons discussed more fully below, the Court **GRANTS** Plaintiff's Motion.

I.    BACKGROUND

This case arises as the result of alleged tortious interference, breach of contract, and fundamental misrepresentations. On November 30, 2023, Plaintiff entered into a fully executed Membership Interest Purchase Agreement ("MIPA") with Defendants Greenbrier Minerals, LLC ("Greenbrier"); Coronado Coal, LLC ("Coronado LLC"); and Coronado Coal Corporation ("Coronado Corporation"). (ECF No. 3-2 at 1.) Under the MIPA, the three aforementioned defendants must sell all of the membership interests ("Membership Interests") of certain subsidiaries (the "Target Subsidiaries") to Plaintiff. (*Id.* at 2.) The transaction between Defendants Greenbrier, Coronado LLC, and Coronado Corporation was to close by March 1, 2024, at the

1

latest. (*Id.* at 6.) However, it is alleged that as a result of the tortious interference and fundamental representations, the closing has not yet occurred. (*Id.* at 3.) Therefore, Plaintiff commenced this action in the Circuit Court of Kanawha County, West Virginia. (ECF No. 3.) The Complaint alleges five causes of action against the various defendants. (ECF No. 3-2 at 9–16.) The Complaint also alleges that Defendant Coronado Corporation's principal place of business is in Beckley, West Virginia. (*Id.* at 5.)

On April 22, 2024, Defendants Matoaka, Coronado LLC, Coronado Corporation, and Greenbrier removed the action to this Court, invoking diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). In the Notice of Removal, it was alleged that all defendants are citizens of a different State/foreign state than Plaintiff and that no defendant is a citizen of West Virginia; thereby seemingly satisfying the complete diversity requirement and the "forum defendant rule." (ECF No. 3 at 5–9.)

On May 8, 2024, Plaintiff filed a Motion to Remand, arguing that Defendant Coronado Corporation is a citizen of West Virginia, not Australia, and therefore, cannot remove the case from state to federal court. (ECF No. 13.) Defendants Matoaka, Coronado LLC, Coronado Corporation, and Greenbrier filed a response in opposition on May 22, 2024, (ECF No. 25), and Plaintiff timely replied, (ECF No. 31). Thus, this motion is fully briefed and ripe for adjudication.

## II.    LEGAL STANDARD

Congress has provided a right of removal from state to federal court if a case could have originally been brought in federal court. 28 U.S.C. § 1441(a). "Under 28 U.S.C. § 1332, a federal district court has original jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interests and costs, and is between citizens of different states." *Cent.*

*W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) (citing 28 U.S.C. § 1332(a)(1)). The Supreme Court has consistently read this statute to require "complete diversity," meaning that federal jurisdiction only exists in cases "in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Removing a case to federal court based on diversity is limited by the "forum defendant rule." Under the "forum defendant rule," "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

Because federal courts are courts of limited jurisdiction, a defendant seeking to invoke federal jurisdiction through removal "carries the burden of alleging in his notice of removal and, if challenged, demonstrating the court's jurisdiction over the matter." *Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008). Initially, this burden parallels a plaintiff's pleading burden and is not heavy: "just as a plaintiff's complaint sufficiently establishes diversity jurisdiction if it alleges that the parties are of diverse citizenship and that [the matter in controversy exceeds $75,000], so too does a removing party's notice of removal sufficiently establish jurisdictional grounds for removal by making jurisdictional allegations in the same manner." *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 200 (4th Cir. 2008) (citations omitted). However, once a plaintiff challenges jurisdictional allegations, "[t]he party seeking removal bears the burden of demonstrating that removal jurisdiction is proper." *Id.* (alteration in original) (quoting *In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 583 (4th Cir. 2006)). "When removal is challenged, the defendant must establish jurisdiction by a preponderance of the evidence."

*Southern v. Marion Cty. Coal Co.*, Civil Action No. 1:15CV171, 2015 WL 6964651, at *2 (N.D. W. Va. Nov. 10, 2015) (citing *Strawn*, 530 F.3d at 297–98).

In general, statutes providing for removal must be strictly construed "in light of the federalism concerns that animate the policy of strictly confining federal jurisdiction within the congressionally-set limits." *Ashworth v. Albers Med., Inc.*, 395 F. Supp. 2d 395, 402 (S.D. W. Va. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941)). "If federal jurisdiction is doubtful, a remand is necessary." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). At the same time, however, "[t]he very fact that Congress has provided defendants with the right of removal indicates that the removal right 'is at least as important as the plaintiff's right to the forum of his choice,' and the statutory right to removal should not be 'easily overcome by tactical maneuvering by plaintiffs.'" *Linnin v. Michielsens*, 372 F. Supp. 2d 811, 816–17 (E.D. Va. 2005) (quoting *McKinney v. Bd. of Trs. of Mayland Cmty. Coll.*, 955 F.2d 924, 927 (4th Cir. 1992)).

### III. DISCUSSION

The issue presented in this case is whether Defendant Coronado Corporation (hereinafter, "Defendant") is a citizen of West Virginia—the state in which the suit was brought—or Australia. Plaintiff argues that Defendant is a citizen of West Virginia because their principal place of business is allegedly located at 100 Bill Baker Way, Beckley, West Virginia. (ECF Nos. 14; 3-2 at 5.) If Defendant is a citizen of West Virginia, the forum defendant rule is invoked, and Defendant cannot remove the case to federal court. 28 U.S.C. § 1441(b)(2). Defendant counters Plaintiff by arguing that since their "nerve center" is in Australia, they are citizens of Australia. (ECF No. 25.) Based on the foregoing, the Court is tasked with determining whether Defendant

4

has met their burden of demonstrating that removal jurisdiction is proper.

For purposes of federal diversity jurisdiction, "a corporation is a citizen of the states in which it has been incorporated and in which it has its principal place of business." *Mountain State Carbon¸* 636 F.3d at 102. In *Hertz Corp. v. Friend*, the United States Supreme Court concluded that a corporation's "principal place of business" is "the place where a corporation's officers direct, control, and coordinate the corporation's activities." 559 U.S. 77, 92–93 (2010). This has also been referred to as the corporation's "nerve center." *Id.* at 93. Typically, the "nerve center" will be the place where a corporation has its headquarters. *Id.* Importantly, in interpreting the diversity jurisdiction statute, the Court held that a corporation's "principal place of business" must be "a place *within* a State. It is not the State itself." *Id.* (emphasis in original). Indeed, the Court stated that the lower court mistakenly looked at the "State itself," rather than "a particular place within a State" when determining a corporation's "principal place of business." *Id.* In sum, in adopting the "nerve center" test, the Court encourages lower courts to determine the "single location" where a corporation's officers are directing, controlling, and coordinating a corporation's activities. *Id.* at 95.

In this case, Defendant seeks to establish their citizenship as Australia by arguing that their "nerve center" is in Australia. However, Defendant never provides a "place *within*" the continent that is their "principal place of business." *Id.* at 93 (emphasis in original). Instead, Defendant provides a Declaration from their Chief Legal Officer ("Declaration"), whose office is located at 57 Danbury Road, Wilton, Connecticut, stating that two of Defendant's top officers maintain their "daily offices in Australia." (ECF No. 25-2 at 1–2.) The Declaration further provides that most of Defendant's significant decisions are made "in Australia." (ECF No. 25-2 at 2–3.) These

5

include Defendant's "strategic business decisions," "[d]ecisions regarding entering into large/significant contracts," "[d]ecisions regarding hiring and firing high-level employees," "[d]ecisions regarding pursuing newly presented business opportunities." (*Id.* at 2.) Additionally, the officers located in Beckley, West Virginia must report to the officers and directors "in Australia" before making certain decisions. (*Id.* at 2–3.)

While Defendant mentions the general continent of Australia, they fail to establish the location *within* Australia where these decisions are being made and actions are occurring. The Court is informed that two officers maintain their respective "daily offices in Australia," but as far as the Court is aware, these daily offices may not be in the same place. One officer may be operating in a different state than the other. For instance, one officer's daily office could be in Perth, Western Australia, while the other's is thousands of miles away in Brisbane, Queensland. This would beg the question, is Defendant's "nerve center" in Perth, Western Australia or Brisbane, Queensland? It would be unclear. If the Court were to accept this level of uncertainty, it is not difficult to imagine how this could create a path for jurisdictional manipulation.

Undoubtedly, Defendant makes a strong argument that their top officers are operating from somewhere that is not Beckley, West Virginia. However, the Supreme Court requires parties to establish a single location as their principal place of business. *Hertz*, 559 U.S. at 95. Since Defendant has not done that, they have not provided a proper alternative. Without adequately rebutting what is alleged in Plaintiff's complaint—that Defendant is a citizen of West Virginia—Defendant fails to meet their burden upon removal, and therefore, the forum defendant rule applies.

## IV.   CONCLUSION

Since Defendant is a citizen of West Virginia, removal was improper. Therefore, the Court **GRANTS** Plaintiff's Motion to Remand. (ECF No. 13.) The Court hereby **REMANDS** this case to the Circuit Court of Kanawha County, West Virginia. The Court **DIRECTS** the Clerk to remove this action from the Court's docket.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:    September 12, 2024

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE